34.     On March 17, 2004, the Individual Defendants caused the Company issued a press release entitled "Vaso Active Pharmaceuticals Completes Financing at a Premium." The press release stated in part:

> Vaso Active Pharmaceuticals, (Vaso Active) of Danvers, Massachusetts, is pleased to announce that it has entered into a private placement transaction in the amount of $7,500,000 with an institutional investor. The investment which is in the form of an 18 month 2% Convertible Note, is convertible into shares of Class A common stock at a conversion rate of $9 per share, at the option of the investor. Both principal and interest are payable in cash or in shares of Class A common stock, at the option of Vaso Active. The purchase agreement includes anti-hedging provisions and the maturity date may be extended for up to two years at the option of the investor. In addition, Vaso Active issued to the investor warrants to purchase 166,667 shares of Class A common stock at an exercise price of $8.75 per share.
>
> Mr. John J. Masiz, President and Chief Executive Officer of Vaso Active was very pleased that Vaso Active was successful in consummating this institutional private placement at what Mr. Masiz considered favorable terms. "The ability to secure additional funds through the completion of this private placement gives Vaso Active significant new working capital to augment the working capital derived from its IPO. This will enhance Vaso Active's capital base with which to operate and will permit the Company to take advantage of strategic opportunities that arise in the course of growing our business. In addition, the execution of this agreement at a premium to the current market price of our common stock underscores the value of our technology to a material investor."

### THE TRUTH THAT WAS CONCEALED

35.     The true facts which were known by the defendants, but actively concealed from the investing public during the Relevant Period, were as follows:

(a)     The Company's claims that its "clinical trial" was "supervised by independent physicians and analyzed by the New England Medical Center in Boston," Massachusetts was grossly misleading in that:

(i)     the New England Medical Center had nothing to do with the study associated with the "clinical trial";

(ii)    the New England Medical Center was unable to draw any conclusions concerning the effectiveness of the product and played no role in selecting the patients and gathering evidence; and

21

(iii) the trial was *not* supervised by "*independent* physicians" – it was overseen by *one* podiatrist who was not independent but actually "handpicked" by the Company's majority shareholder and handsomely compensated;

(b) The Company's so-called "clinical trial" was not new or revolutionary but rather more than half a decade old;

(c) The American Association of Medical Foot Specialists and its so-called "endorsement" of deFEET was of little, if any, value. In fact, the "association" is not widely known or respected in the medical community. It was headquartered in a hotel until it was moved to the President's medical office. Moreover, in exchange for the questionable endorsement of the President of the Association, Vaso was asked to make a donation to an association scholarship program; and

(d) Contrary to defendant Masiz's claim that there was significant demand for the Company's stock at an "institutional level" – so much so that the Company, in response to this demand, consummated a three for one stock split – there was *de minimus*, if any, institutional demand for the Company's shares. Moreover, there are no institutional or retail analysts who even follow the Company.

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

36. Plaintiff brings this action derivatively in the right and for the benefit of Vaso to redress injuries suffered, and to be suffered, by Vaso as a direct result of the breaches of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment, as well as the aiding and abetting thereof, by the Individual Defendants. Vaso is named as a nominal defendant solely in a derivative capacity. This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

37. Plaintiff will adequately and fairly represent the interests of Vaso in enforcing and prosecuting its rights.

38. Plaintiff is and was an owner of the stock of Vaso during times relevant to the Individual Defendants' wrongful course of conduct alleged herein, and remains a shareholder of the Company.

39. The current Board of Vaso consists of the following eight individuals: Individual Defendants Masiz, Seifert, Carter, Shear, Strasnick, Adams, Anderson and Fromm. Plaintiff has not made any demand on the present Board of Vaso to institute this action because such a demand would be a futile, wasteful and useless act, particularly for the following reasons:

(a) The Compensation Committee of the Board determines, after consulting with the CEO, establishes, authorizes and administers Vaso's compensation policies, practices and plans for Vaso's directors, executive officers and other key personnel. The Compensation Committee is comprised of defendants Shear, Strasnick, Adams and Anderson. As the members of the Compensation Committee singularly control the other defendants' awards, the remaining members of the Board will not institute this action against defendants Shear, Strasnick, Adams and Anderson. To do so would jeopardize each defendant's personal financial compensation. Thus, demand on defendants Masiz, Seifert, Carter and Fromm is futile;

(b) The principal professional occupation of defendants Masiz, Carter and Seifert are their employment with Vaso, pursuant to which they received and continue to receive substantial monetary compensations and other benefits. Specifically, for FY 04 Masiz will receive an annual base salary of not less than $175,000. Carter will also receive a salary for FY 04 of not less than $140,000. Seifert will also receive a salary for FY 04 of not less than $200,000. In addition, each are granted options to purchase Vaso stock and are entitled to bonuses. Accordingly, defendants Masiz, Carter and Seifert lack independence from defendants Shear, Strasnick, Adams and Anderson, who exert influence over defendants Masiz, Carter and Seifert's compensation by virtue of their position as members of the Compensation Committee. This lack of independence renders defendants Masiz, Carter and Seifert incapable of impartially considering a demand to commence and vigorously prosecute this action;

(c) According to Vaso's Proxy Statements filed with the SEC, Individual Defendants Shear and Strasnick served on the Audit Committee during the Relevant Period. The Audit Committee is responsible for reviewing the activities of Vaso's internal auditors and independent accountants. The Audit Committee is responsible for providing for the safekeeping of Vaso's assets; assuring the accuracy and adequacy of Vaso's records and financial statements; reviewing Vaso's financial statements and reports; monitoring compliance with Vaso's internal controls, policies, procedures and practices; and receiving direct compliance reports from Vaso's internal auditors and General Counsel and from the independent accountants. Nonetheless, the Audit Committee, with full knowledge of the Company's communication with the FDA recommended that the Board include the improper audited financial statements in Vaso's filings with the SEC during the Relevant Period without disclosing this material information. By such actions, these defendants breached their duties by causing or allowing the improper financials described above. As a result of these defendants' breach of their duties, any demand upon them is futile;

(d) The entire Vaso Board and senior management participated in the wrongs complained of herein. Vaso's directors are not disinterested or independent due to the following: Individual Defendants Masiz, Seifert, Carter, Shear, Strasnick, Adams, Anderson and Fromm served on the Vaso Board during the Relevant Period. Pursuant to their specific duties as Board members, each was charged with the management of the Company and to conduct its business affairs. Each of the above-referenced defendants breached the fiduciary duties that they owed to Vaso and its shareholders in that they failed to reveal to the public the Company's communications with the FDA concerning their key and primary products despite having such knowledge. Each of the Individual Defendants with the exception of Seifert signed the Company's materially false and misleading Registration Statement and each of the Individual Defendants signed the Company's materially false and misleading Annual Report for FY 03. Thus, the Vaso Board cannot exercise independent objective judgment in deciding whether to bring this action or whether to vigorously prosecute this

action because its members are interested personally in the outcome as it is their actions that have subjected Vaso to millions of dollars in liability for possible violations of applicable securities laws;

(e)  The Individual Defendants of Vaso, as more fully detailed herein, participated in, approved and/or permitted the wrongs alleged herein to have occurred and participated in efforts to conceal or disguise those wrongs from Vaso's stockholders or recklessly and/or negligently disregarded the wrongs complained of herein, and are therefore not disinterested parties;

(f)  As detailed herein at ¶¶ 16-23, in order to bring this suit, all of the directors of Vaso would be forced to sue themselves and persons with whom they have extensive business and personal entanglements, which they will not do, thereby excusing demand. As set forth in particularity in ¶¶ 16-23, because a majority of the Individual Defendants have long-term personal, professional and financial relationships with each other and other board members, a majority of the Individual Defendants could not have adequately considered a demand to bring the allegations made herein rendering any such demand futile;

(g)  The acts complained of constitute knowing violations of the fiduciary duties owed by Vaso's officers and directors and these acts are incapable of ratification;

(h)  Each of the Individual Defendants authorized and/or permitted the improper statements disseminated directly to the public or made directly to securities analysts and which were made available and distributed to shareholders, authorized and/or permitted the issuance of various of the improper statements and are principal beneficiaries of the wrongdoing alleged herein, and thus could not fairly and fully prosecute such a suit even if such suit was instituted by them;

(i)  Any suit by the Individual Defendants to remedy these wrongs would likely expose the Individual Defendants and Vaso to further violations of the securities laws that would result in civil actions being filed against one or more of the Individual Defendants; thus, they are hopelessly conflicted in making any supposedly independent determination whether to sue themselves;

25

(j)     Vaso has been and will continue to be exposed to significant losses due to the wrongdoing complained of herein, yet the Individual Defendants have not filed any lawsuits against themselves or others who were responsible for that wrongful conduct to attempt to recover for Vaso any part of the damages Vaso suffered and will suffer thereby;

(k)     If the Individual Defendants were to bring this derivative action against themselves, they would thereby expose their own misconduct, which underlies allegations against them contained in class action complaints for violations of securities law, which admissions would impair their defense of the class actions and greatly increase the probability of their personal liability in the class actions, in an amount likely to be in excess of any insurance coverage available to the Individual Defendants. In essence, they would be forced to take positions contrary to the defenses they will likely assert in the securities class actions. This they will not do. Thus, demand is futile; and

(l)     If Vaso's current and past officers and directors are protected against personal liability for their acts of mismanagement, abuse of control and breach of fiduciary duty alleged in this Complaint by directors' and officers' liability insurance, they caused the Company to purchase that insurance for their protection with corporate funds, *i.e.*, monies belonging to the stockholders of Vaso. However, due to certain changes in the language of directors' and officers' liability insurance policies in the past few years, plaintiff asserts, upon information and belief, the directors' and officers' liability insurance policies covering the defendants in this case contain provisions that eliminate coverage for any action brought directly by Vaso against these defendants, known as, *inter alia*, the "insured versus insured exclusion." As a result, if these directors were to sue themselves or certain of the officers of Vaso, there would be no directors' and officers' insurance protection and thus, this is a further reason why they will not bring such a suit. On the other hand, if the suit is brought derivatively, as this action is brought, such insurance coverage exists and will provide a basis for the Company to effectuate recovery. If there is no directors' and officers' liability insurance

26

at all then the current directors will not cause Vaso to sue them, since they will face a large uninsured liability.

40. Moreover, despite the Individual Defendants having knowledge of the claims and causes of action raised by plaintiff, the current Board has failed and refused to seek to recover for Vaso for any of the wrongdoing alleged by plaintiff herein.

41. Plaintiff has not made any demand on shareholders of Vaso to institute this action since such demand would be a futile and useless act for the following reasons:

(a) Vaso is a publicly held company with approximately 5.8 million shares outstanding, and thousands of shareholders;

(b) Making demand on such a number of shareholders would be impossible for plaintiff who has no way of finding out the names, addresses or phone numbers of shareholders; and

(c) Making demand on all shareholders would force plaintiff to incur huge expenses, assuming all shareholders could be individually identified.

## DAMAGES TO VASO

42. As a direct result of the defendants' breaches of their fiduciary duties and other violations of law, the Company has been severely damaged. The defendants' nondisclosures concerning the Company's communications with the FDA concerning its key and primary products have caused severe, irreparable injury and damage to the Company's reputation and goodwill in the investment and business communities and threaten to virtually destroy this once valuable franchise. For at least the foreseeable future, the Company will suffer from what is known as the "liar's discount," a term applied to the stocks of companies who have been implicated in illegal behavior and have misled securities analysts and the investing public, such that Vaso's ability to raise capital – on favorable terms – will be impaired in the future. Indeed, trading in the Company's stock has been suspended and it has been delisted to the Pink Sheets. As a result of the delisting from Nasdaq and the Company's stock trading only on the Pink Sheets, the Company, if and when its stock resumes

trading, continues to suffer damages, including but not limited to: (i) a decreased ability to access the capital markets; (ii) an inability (for all practicable purposes) to use Company stock as currency for acquisitions; and (iii) increased difficulty securing debt financing on favorable terms.

43.  In addition, significant Company money will have to be spent defending the Company in the numerous securities fraud lawsuits brought against the Company as a direct result of the conduct of the defendants. These lawsuits will costs hundreds of thousands to defend and possibly millions if not tens of millions to resolve. In addition, significant Company funds will have to be expended defending the Company against an SEC investigation. Moreover, management will have to expend significant time answering these charges instead of being able to focus on the Company's core business. Moreover, the Company has to spend additional Company funds employing special securities counsel and FDA counsel. Even worse, the Company has had to stop selling its products as a result of the trading suspension.

## COUNT I

### Against All Defendants for Breach of Fiduciary Duty

44.  Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

45.  The defendants owed and owe Vaso fiduciary obligations. By reason of their fiduciary relationships, the defendants owed and owe Vaso the highest obligation of good faith, fair dealing, loyalty and due care.

46.  The defendants, and each of them, violated and breached their fiduciary duties of care, loyalty, reasonable inquiry, oversight, good faith and supervision.

47.  Each of the defendants had actual or constructive knowledge that they had caused the Company to improperly misrepresent the Company's communications with the FDA and failed to correct the Company's public filings and press releases. These actions could not have been a good faith exercise of prudent business judgment to protect and promote the Company's corporate interests.

28

48. As a direct and proximate result of the defendants' failure to perform their fiduciary obligations, Vaso has sustained significant damages. As a result of the misconduct alleged herein, the defendants are liable to the Company.

49. Plaintiff on behalf of Vaso has no adequate remedy at law.

## COUNT II

### Against All Defendants for Abuse of Control

50. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

51. The defendants' misconduct alleged herein constituted an abuse of their ability to control and influence Vaso, for which they are legally responsible.

52. As a direct and proximate result of the defendants' abuse of control, Vaso has sustained significant damages.

53. As a result of the misconduct alleged herein, the defendants are liable to the Company.

54. Plaintiff on behalf of Vaso has no adequate remedy at law.

## COUNT III

### Against All Defendants for Gross Mismanagement

55. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

56. By their actions alleged herein, the defendants, either directly or through aiding and abetting, abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of Vaso in a manner consistent with the operations of a publicly held corporation.

57. As a direct and proximate result of the defendants' gross mismanagement and breaches of duty alleged herein, Vaso has sustained significant damages in excess of tens of millions of dollars.

58. As a result of the misconduct and breaches of duty alleged herein, the defendants are liable to the Company.

59. Plaintiff on behalf of Vaso has no adequate remedy at law.

### COUNT IV

### Against All Defendants for Waste of Corporate Assets

60. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

61. As a result of the improper statements and nondisclosures, and by failing to properly consider the interests of the Company and its public shareholders by failing to conduct proper supervision, the defendants have caused Vaso to waste valuable corporate assets by paying incentive based bonuses and stock options to certain of its executive officers and incur potentially millions of dollars of legal liability and/or legal costs to defend defendants' unlawful actions including responding the SEC's allegations and securities fraud actions.

62. As a result of the waste of corporate assets, the defendants are liable to the Company.

63. Plaintiff on behalf of Vaso has no adequate remedy at law.

### COUNT V

### Against All Defendants for Unjust Enrichment

64. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

65. By their wrongful acts and omissions, defendants were unjustly enriched at the expense of and to the detriment of Vaso.

66 Plaintiff, as a shareholder and representative of Vaso, seeks restitution from these defendants, and each of them, and seeks an order of this Court disgorging all profits, benefits and other compensation obtained by these defendants, and each of them, from their wrongful conduct and fiduciary breaches.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment as follows:

A. Against all of the defendants and in favor of the Company for the amount of damages sustained by the Company as a result of the defendants' breaches of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment;

B. Awarding to Vaso restitution from the defendants, and each of them, and ordering disgorgement of all profits, benefits and other compensation obtained by the defendants;

C. Awarding to plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

D. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: June 18, 2004

Respectfully submitted,

*Mary T. Sullivan*

Mary T. Sullivan, BBO #487130
SEGAL, ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
Telephone: (617) 742-0208
Facsimile: (617) 742-2187

George E. Barrett, Esq.
Douglas S. Johnston, Esq.
Timothy L. Miles, Esq.
BARRETT, JOHNSTON & PARSLEY
217 Second Ave. North
Nashville, TN 37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

Counsel for Plaintiff

Mts/7633/complaint.doc

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

William Pomeroy

**DEFENDANTS**

Biochemics, Inc. et al and

Vaso Active Pharmaceuticals, Nominal Defendant

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mary T. Sullivan       (617) 742-0208
Segal, Roitman & Coleman
11 Beacon Street, Suite 500
Boston, MA 02108

Attorneys (If Known)
04 11399 RCL

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Shareholder derivative suit alleging breach of fiduciary duty and related claims

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE  Lindsay
DOCKET NUMBER  04-10792

DATE  6/18/04
SIGNATURE OF ATTORNEY OF RECORD
Mary T. S.

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __William Pomeroy v. Biochemics, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [✓] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.   150, 152, 153.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   **04  11399  RCL**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __Rosenkrantz v. Vaso, 04-10792-RCL__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   _____

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?   YES [ ]   NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).   YES [✓]   NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Mary T. Sullivan__
ADDRESS __Segal, Roitman & Coleman, 11 Beacon Street, Suite 500, Boston, MA 02108__
TELEPHONE NO. __(617) 742-0208__

(Coversheetlocal.wpd - 10/17/02)