UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————————— )
JOSEPH ROSENKRANTZ, Derivatively on Behalf          )
of VASO ACTIVE PHARMACEUTICALS, INC.,               )
                              Plaintiffs            )
                                                    )
v.                                                  )     C.A. No. 04-10792-RCL
                                                    )     DERIVATIVE ACTION
BIOCHEMICS, INC., WILLIAM P. ADAMS,                 )
ROBERT E. ANDERSON, STEPHEN G. CARTER,             )
GARY FROMM, JOHN J. MASIZ, KEVIN J. SEIFERT,       )
BRUCE A. SHEAR and BRIAN J. STRASNICK,             )
                              Defendants            )
                                                    )
and                                                 )
                                                    )
VASO ACTIVE PHARMACEUTICALS, INC., a                )
Delaware Corporation,                               )
                              Nominal Defendants    )
———————————————————————————— )
———————————————————————————— )
                                                    )
WILLIAM POMEROY, Derivatively on Behalf of          )
VASO ACTIVE PHARMACEUTICALS, INC.,                  )
                              Plaintiff,            )
                                                    )
v.                                                  )
                                                    )     C.A. No. 04-11399-RCL
BIOCHEMICS, INC., WILLIAM P. ADAMS,                 )     DERIVATIVE ACTION
ROBERT E. ANDERSON, STEPHEN G. CARTER,             )
GARY FROMM, JOHN J. MASIZ, KEVIN J. SEIFERT,       )
BRUCE A. SHEAR and BRIAN J. STRASNICK,             )
                              Defendants            )
                                                    )
and                                                 )
                                                    )
VASO ACTIVE PHARMACEUTICALS, INC., a                )
Delaware Corporation,                               )
                              Nominal Defendants    )
———————————————————————————— )

PRETRIAL ORDER NO. 1: CONSOLIDATION, APPOINTMENT
OF COUNSEL, AND RELATED MATTERS

I.      Consolidation

The above-captioned proposed shareholder derivative actions are hereby consolidated into one action (hereinafter, the "Consolidated Derivative Action") for all purposes, pursuant to Fed. R. Civ. P. 42.  This order (the "Order") shall apply, as specified, to the Consolidated Derivative Action and to each derivative action making the same or similar claims as made in the Consolidation Derivative Action that is subsequently filed in or transferred to this court and consolidated with the Consolidated Derivative Action.  All previous orders pertaining to consolidation entered in the two proposed shareholder derivative actions now constituting the Consolidated Derivative Action (including orders entered on October 29, 2004) are hereby vacated.

II.    Acceptance of Service

Greenberg Traurig, LLP will accept service of the Rosenkrantz and Pomeroy complaints on behalf of Stephen G. Carter, with service effective on the date of the Order.  Wilmer, Cutler, Pickering, Hale and Dorr LLP will accept service on behalf of all remaining defendants who have yet to be served in both the Rosenkrantz and Pomeroy actions, with service effective on the date of the Order.

III.    Master Docket and Master Files

(1)    A master file is hereby established for this proceeding.  The master file shall be Civil Action No. 04-10792-RCL.  The clerk shall file in the master file all pleadings pertaining to the Consolidated Derivative Action and shall note such filings on the master docket.

(2)    An original of this Order shall be filed by the clerk in the master file.

(3)    The clerk shall electronically deliver a copy of this Order to counsel of record in the Consolidated Derivative Action.

(4)    Civil Action No. 04-11399 shall be terminated on the court's docket.

IV.    Caption of the Case

Every pleading filed in the Consolidated Derivative Action shall have the following

caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
IN RE: VASO ACTIVE                     )        Master Docket No. 04-10792-RCL
PHARMACEUTICALS, INC.              )        (Consolidated Derivative Action)
DERIVATIVE LITIGATION               )
_____)

V.     Newly-Filed or Transferred Actions

The court requests the assistance of counsel in calling to the attention of the clerk of the

court the filing or transfer of any action that might properly be consolidated as part of the

Consolidated Derivative Action.  If a shareholders' derivative action making the same or similar

claims as this made in the Consolidated Derivative Action is hereinafter filed in this court or

transferred from another court ("New Action"), the clerk of the court shall:

(1)     file a copy of this Order in the separate file for such action;

(2)     deliver a copy of this Order electronically or via the United States Postal Service,

as appropriate, to the attorneys for the plaintiff(s) in the New Action and to any new defendant(s)

in the New Action; and

(3)     make the appropriate entry in the master docket for the Consolidated Derivative

Action.

Each New Action shall be consolidated with the Consolidated Derivative Action and this

Order shall apply to the New Action, unless a party objects in writing to consolidation within 10

days after the later of either the date upon which a copy of this Order is delivered to the attorneys

for the plaintiffs in the New Action or the date upon which appearances have been filed for all

new defendants in the New Action.  Nothing in the foregoing sentence shall be construed as a

waiver of the defendants' rights to object to consolidation of any New Action with the

Consolidated Derivative Action.

VI.    <u>Organization of Plaintiffs' Counsel</u>

      Lead Counsel for plaintiffs for the conduct of this Consolidated Derivative Action shall

be:

George E. Barrett
Douglas S. Johnson, Jr.
Timothy L. Miles
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201
Telephone (615) 244-2202
Facsimile: (615)252-3798

Lead counsel shall be responsible for the following matters, on behalf of the plaintiffs: (a) the

coordination of the preparation, filing and service of all pleadings; (b) the coordination of the

briefing and arguing of motions; (c) the coordination of discovery, including the examination of

witnesses in depositions; (d) the selection of counsel to act as spokespersons at all pretrial

conferences and hearings before the court; (e) the coordination of all settlement negotiations

with counsel for the defendants; (f) the coordination of the preparation for trial and the trial of

this matter; and (g) the supervision of all other matters concerning the prosecution or resolution

of the Consolidated Derivative Action.  Lead counsel may delegate to other plaintiffs' counsel

such parts of the foregoing responsibilities as lead counsel may deem appropriate.

      With respect to matters concerning the Consolidated Derivative Action, defendants'

counsel may rely upon any agreement made with lead counsel, or any duly authorized

representative of lead counsel, and such agreements shall be binding on the plaintiffs.

      No paper may be filed with the court or served on any defendant by a plaintiff without

4

approval of lead counsel.  No settlement negotiations shall be conducted by any plaintiff without the approval of lead counsel.

Liaison counsel for the plaintiffs for the conduct of this Consolidated Derivative Action shall be:

> Mary T. Sullivan, BBO #487130
> Segal, Roitman & Coleman
> 11 Beacon Street, Suite 500
> Boston, MA 02108
> Telephone: (617) 742-0208
> Facsimile: (617) 742-2187

Liaison Counsel for the plaintiffs shall serve as local counsel for the plaintiffs.

All papers filed with the court in the Consolidated Derivative Action must be filed and served electronically in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules") and the rules and procedures outlined in the Electronic Case Filing and Administrative Procedures pamphlet and the Electronic Case Filing ("ECF") User's Manual.  In the case of the filing of any electronic document constituting, supporting or opposing a dispositive motion or a discovery motion, the filing party must also deliver to the office of the clerk of this court, by mail or otherwise, a paper, courtesy copy, of such document.[*]  The courtesy copy of each such document must be stamped or otherwise prominently marked as follows: "Courtesy Copy - **Do Not Scan,**" and must be delivered to the office of the clerk within three business days following the electronic filing.

All counsel in the Consolidated Derivative Action and all counsel in any New Action

---

[*] For purposes of this order the term "dispositive motion" includes a motion to dismiss, a motion for summary judgment, a motion for preliminary relief (including a motion for attachment for real or personal property) and a motion for the entry of judgment.  The term "discovery motion" includes any motion in which the moving party seeks an order requiring that a person or entity provide information in any form to the moving party.

consolidated with the Consolidated Derivative Action not now registered with the court to receive and file documents in electronic form in accordance with the court's ECF system must forthwith so register.  Counsel who are not members of the bar of the District of Massachusetts, but who have been permitted to participate in the Consolidated Derivative Action *pro hac vice* need not register as described in the preceding sentence, so long as each such counsel participates with local counsel who has filed an appearance in the Consolidated Derivative Action and who is registered with the court's ECF system.

As set forth above, liaison counsel for the plaintiffs shall serve as local counsel for all plaintiffs.  Service of papers on all plaintiffs may be made by serving liaison counsel for the plaintiffs, in accordance with the Federal Rules of Civil Procedure, the Local Rules and the court's ECF system as outlined in the Electronic Case Filing and Administrative Procedures pamphlet and the Electronic Case Filing User's Manual.

VII.    <u>Other Pretrial Proceedings</u>

All pretrial proceedings in the Consolidated Derivative Action are hereby stayed pending the occurrence of the earlier of (a) the entry of an order following the resolution of any motion to dismiss filed in the consolidated securities fraud action pending in this Court captioned <u>In re Vaso Active Pharmaceuticals Securities Litigation,</u> Case No. 04-10708-RCL, or (b) the filing of answers by all defendants in the same matter.  Plaintiffs in this Consolidated Derivative Action may file a consolidated amended complaint within 30 days of entry of any order resolving any motion to dismiss in the consolidated securities fraud action, or within 30 days of the filing of answers by all defendants in the consolidated securities fraud action, whichever occurs first.  The court shortly will enter an order for the closing, for administrative purposes, of the Consolidated Derivative Action during the period of the stay, as explained at the status conference of

November 17, 2004.  In the interim, defendants will produce certain documents to lead counsel

as agreed between the parties.

IT IS SO ORDERED.

 /s/ REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE

DATED:  November 19, 2004